# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Dorian L. Brown,** | ) CASE NO. 1: 19 CV 1184 |
| **Plaintiff,** | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) <u>**Memorandum of Opinion and Order**</u> |
| **Armond Budish,** *et al.*, | ) |
| **Defendants.** | ) |

## Background

*Pro se* plaintiff Dorian L. Brown, a detainee in the Cuyahoga County Jail, filed this *in forma pauperis* civil rights action against multiple Cuyahoga County officials and jail employees, including Armond Budish, Ken Mills, Eric Ivey, Emily McNeeley, Douglas Dykes, and Clifford Pickney. (Doc. No. 1.) He seeks damages and injunctive relief on the basis of conditions he alleges existed in the Jail when he was previously incarcerated there, and which he contends were inhumane and subjected him to cruel and unusual punishment. He alleges he had "to breathe in asbestos and black mold"; "eat food off of trays that smelled like feces [and] had old water in them"; "take showers in a contaminated shower which had black mold"; and "sleep on the floor for months and endure red zone where [he] couldn't contact [his] family or attorney." In addition, he alleges he "was denied mental health and medical treatment." (*Id*. at 2-3.)

## Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See*

*Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act requires a district court to dismiss before service any prisoner action seeking redress from "a governmental entity or officer or employee of a governmental entity" that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

**Discussion**

Upon review, the court finds that the plaintiff's complaint must be dismissed pursuant to § 1915A.

The plaintiff's complaint does not set forth allegations suggesting that or how any of the named defendants was personally involved in or responsible for the Jail conditions of which he complains. A plaintiff cannot establish the individual liability of any defendant for violations of his constitutional rights under 42 U.S.C. § 1983 absent allegations showing that each defendant was personally involved in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95–3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). *See also Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842

(6th Mich. 2002) ("damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right"). Accordingly, where, as here, individuals are named as defendants in a civil rights action without supporting allegations of specific conduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, conclusory allegations are insufficient to state a civil rights claim under 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 678. The plaintiff's allegations are conclusory, and do not support a plausible inference that he suffered the kind of extreme deprivation required to sustain a cognizable, constitutional conditions-of-confinement claim. *See, e.g., Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (a plaintiff can successfully bring a § 1983 conditions-of-confinement claim only by demonstrating that he suffered a condition or deprivation that was "objectively, sufficiently serious to require constitutional protection," and that the defendant being sued subjectively acted with deliberate indifference).

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 7/22/19